

# In the United States Court of Federal Claims

No. 11-774 C

Filed: March 30, 2012

**TO BE PUBLISHED**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| MORRIS MAY, | \* |
| Plaintiff, *pro se*, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant, | \* |
| and | \* |
| GAIL JOHNSON, *Deputy Court Clerk, United States Supreme Court*, | \* |
| Defendant. | \* |

Failure To State Claim, RCFC 12(b)(6);
Jurisdiction, RCFC 12(b)(1);
*Pro Se*;
Summary Dismissal;
Tucker Act, 28 U.S.C. § 1491 (2006);
Transfer, 28 U.S.C. § 1631 (2006);
Federal Torts Claims Act, 28 U.S.C. § 2671 *et. seq.* (2006);
U.S. Const., Art. III, Section 2.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Morris May**, Cincinnati, Ohio, Plaintiff, *pro se*.

**Alexis J. Echols**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND FINAL ORDER

Braden, *Judge*.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY.[1]**

On December 14, 2009, Morris May ("Plaintiff") received a traffic citation in Ohio, which he apparently contested. *See* November 16, 2011 App. To Proceed *In Forma Pauperis*. After an adverse ruling by an Ohio traffic court, Plaintiff appealed directly to the United States Supreme Court on November 18, 2010 (Compl. ¶ 4), and did so again on June 13, 2011 (Compl.

---

[1] The facts have been derived from the November 16, 2011 Complaint ("Compl."), as well as other filings submitted by Plaintiff.

¶ 6); July 6, 2011 (Compl. ¶ 8); July 15, 2011 (Compl. ¶ 10); and July 25, 2011 (Compl. ¶ 12). These appeals were styled as writs of *mandamus* to compel the Clerk of the United States Supreme Court to accept Plaintiff's appeals. Compl. ¶¶ 4, 6, 8, 10, 12. On November 23, 2010, the Clerk of the United States Supreme Court returned the November 18, 2010 writ of *mandamus* to Plaintiff for failure to comply with a number of procedural requirements and because Plaintiff did "not show how the writ will be in aid of the Court's appellate jurisdiction[.]" Compl. Ex. C. Plaintiff's other "appeals" were returned on June 16, 2011 (Compl. Ex. D); July 12, 2011 (Compl. Ex. E); July 21, 2011 (Compl. ¶ 11); and August 2, 2011 (Compl. ¶ 13); respectively, for the same reasons.[2] Although the rejections were signed by the Clerk of the United States Supreme Court, each document indicated that it was prepared by the Deputy Clerk, Ms. Gail Johnson. Compl. Exs. C-E.

On November 16, 2011, Plaintiff filed a *pro se* Complaint in the United States Court of Federal Claims, alleging the United States and Ms. Johnson, in her capacity as Deputy Court Clerk, "arbitrarily and intentionally" discriminated against Plaintiff by denying him access to the United States Supreme Court. Compl. ¶¶ 5, 7, 9, 11, 13. The November 16, 2011 Complaint also alleges that Ms. Johnson was negligent in the performance of her duties. Compl. ¶¶ 5, 7, 9, 11, 13.

In addition, the November 16, 2011 Complaint alleges that Ms. Johnson's rejection of Plaintiff's filings in the United States Supreme Court violated: Plaintiff's property rights under the Fifth Amendment of the United States Constitution; Plaintiff's civil rights; Plaintiff's right of access under the Petition Clause of the First Amendment of the United States Constitution; and Plaintiff's rights protected by the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution. Compl. ¶¶ 5, 7, 9, 11, 13. The November 16, 2011 Complaint further alleges that these violations were an "abuse of process" that caused injury and damage to Plaintiff's property and civil rights and constituted an intentional infliction of emotional distress. Compl. ¶¶ 5, 7, 9, 11, 13.

Finally, Count 6 of the November 16, 2011 Complaint requests that the court "issue a writ of *mandamus* to compel Ms. Johnson to perform the operational task and ministerial duty of filing the *pro se* plaintiff's May's [sic] legal paper or legal property[.]" Compl. ¶ 14.

On December 9, 2011, Plaintiff filed a Motion To Transfer, Expedite And Interim Award Of *Pro Se* Attorney Fees ("Pl. TR Mot.").[3] This motion requests that the court transfer Count 6

---

[2] The November 16, 2011 Complaint includes copies of the letters from the Clerk of the United States Supreme Court returning Plaintiff's first three "appeals." Compl. Exs. C-E. The Complaint indicates that copies of the letters returning the fourth and fifth "appeals" were included as Exhibits G and I. Compl. ¶¶ 11, 13. Exhibits G and I, however, were not included with the November 16, 2011 Complaint or any subsequent filing.

[3] The Government's response to Plaintiff's December 9, 2011 Motion To Transfer was due on December 27, 2011. On December 21, 2011, Plaintiff filed a document titled "Plaintiff's Reply" arguing that Plaintiff was entitled to default judgment on the December 9, 2011 Motion To Transfer because the Government failed to file a response to his "motion filed on November 29, 2011." In fact, the docket shows that Plaintiff's Motion was filed on December 9, 2011.

2

(paragraph 14) of the November 16, 2011 Complaint to the United States Supreme Court and retain jurisdiction over the remaining counts of the Complaint. Pl. TR Mot. at 4. In addition, the Motion requests "an interim award of *pro se* attorney fees for the services performed before the Supreme Court of the United States[.]" Pl. TR Mot. at 6.

On January 17, 2012, the Government filed an Opposition To Plaintiff's Motion For Expedited Transfer And Interim Award Of Attorney Fees ("Gov't TR Opp.") and a Motion for Summary Dismissal of *Pro Se* Complaint ("Gov't Mot."), arguing the court has no jurisdiction over the claims set forth in the November 16, 2011 Complaint. Gov't Mot. at 1. In addition, the Government asserts that the November 16, 2011 Complaint fails to state a claim for which relief may be granted. Gov't Mot. at 1.

On January 27, 2012, Plaintiff filed a Reply to the Government's January 17, 2012 Opposition To Plaintiff's Motion To Transfer, Expedite And Interim Award Of *Pro Se* Attorney Fees ("Pl. TR Reply"). On February 6, 2012, Plaintiff also filed a Response To The Government's Motion To Dismiss ("Pl. Resp.").

On February 24, 2012, the Government filed a Reply to Plaintiff's February 6, 2012 Response To The Government's Motion For Summary Dismissal ("Gov't Reply.").

On March 26, 2012, Plaintiff filed a Motion To Strike, Expedite, Transfer, And Interim Award Of *Pro Se* Attorney Fees, Costs, And Litigation Expenses. ("Pl. Mot. II"). The March 26, 2012 Motion effectively is a sur-reply to arguments raised in the Government's February 24, 2012 Reply. Pl. Mot. II at 1-4 (responding to the Government's arguments). This Motion adds little to the arguments advanced in Plaintiff's February 6, 2012 Response. In addition, the March 26, 2012 Motion requests that the court transfer any tort claims in the November 16, 2011 Complaint to the United States District Court for the District of Columbia. Pl. Mot. II at 2. Finally, Plaintiff's March 26, 2012 Motion argues that the Government's February 24, 2012 Reply was filed late and should be disregarded.[4] Pl. Mot. II at 4.

## II. JURISDICTION.

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act. *See* 28 U.S.C. §1491 (2006). The Tucker Act authorizes the court to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. §1491(a)(1) (2006).

---

Moreover, on December 27, 2011, the Government filed a timely Motion for Extension of Time that was granted by the court on December 28, 2011.

[4] The docket reflects that the Government's reply was due by February 24, 2012, *i.e.*, the same day that the Government filed. Under RCFC 7.2(b)(2), a party has 14 days to submit a Reply in support of a Motion To Dismiss. When service is to be perfected by mail, as in this *pro se* case, the deadline is extended by 3 days. *See* RCFC 6(d). Accordingly, the Government's reply was due 17 days after Plaintiff's February 6, 2012 Response, *i.e.*, by February 24, 2012.

3

The Tucker Act, however, is a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . [T]he Act merely confers jurisdiction upon it whenever the substantive right exists." *United States* v. *Testan*, 424 U.S. 392, 398 (1976). Therefore, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Fisher* v. *United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."). The burden of establishing jurisdiction falls on the plaintiff. *See FW/PBS, Inc.* v. *Dallas*, 493 U.S. 215, 231 (1990) (holding that the burden is on the plaintiff to allege facts sufficient to establish jurisdiction (quoting *McNutt* v. *General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936))); *see also* RCFC 12(b)(1).

The jurisdictional defects in Plaintiff's November 16, 2011 Complaint are discussed below.

### III.   DISCUSSION.

#### A.   Standards For Decision On Motion To Dismiss.

##### 1.   Under RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer* v. *United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . [b]ut a party may assert the following defenses by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke* v. *United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

Nonetheless, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds* v. *Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

##### 2.   Under RCFC 12(b)(6).

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . [b]ut a party

4

may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court "must assess whether the complaint adequately states a claim and whether plaintiffs can allege facts plausibly suggesting (not merely consistent with) a showing of entitlement to relief." *Hutchens* v. *United States*, 89 Fed. Cl. 553, 562 (2009) (internal citations omitted). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level," accepting all factual allegations in the complaint as true and "indulg[ing] all reasonable inferences in favor of the non-movant." *Hutchens*, 89 Fed. Cl. at 562 (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007)).

### B. Standard Of Review For *Pro Se* Litigants.

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines* v. *Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers" (citations omitted) (internal quotation marks omitted)). It has been the tradition of this court to examine the record "to see if a [*pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer* v. *United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke*, 60 F.3d at 799.

### C. Defendant's January 17, 2012 Motion For Summary Dismissal.

#### 1. The Government's Argument.

The Government argues that the court does not have jurisdiction to adjudicate the claims alleged in the November 16, 2011 Complaint. Gov't Mot. at 4-6. A claim must be grounded upon a money-mandating statute or constitutional provision to be subject to the jurisdiction of the United States Court of Federal Claims. *See United States* v. *Testan*, 424 U.S. at 398. None of the claims adequately alleged in the November 16, 2011 Complaint, however, rely upon money-mandating provisions.

The November 16, 2011 Complaint alleges claims under a number of constitutional provisions, including the Petition Clause of the First Amendment of the United States Constitution, the Takings Clause of the Fifth Amendment, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Compl. ¶¶ 5, 7, 9, 11, 13. The First Amendment, the Due Process Clause of the Fifth and Fourteenth Amendments, and the Equal Protection Clause of the Fourteenth Amendment, however, are not money-mandating, and it is settled that the United States Court of Federal Claims does not have jurisdiction to adjudicate claims based upon these constitutional provisions. *See, e.g., Crocker* v. *United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) ("The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear [Plaintiff's] due process or seizure claims under the Fifth Amendment to the United States Constitution."); *LeBlanc* v. *United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding the Due Process Clause and Equal Protection Clause not to be money-mandating);

*United States* v. *Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money."). Accordingly, Counts 1 through 6 should be dismissed.

The November 16, 2011 Complaint also alleges claims for property damage, intentional infliction of emotional distress, misrepresentation, negligence, and a violation of Plaintiff's civil rights over which the court does not have jurisdiction. Compl. ¶¶ 5, 7, 9, 11, 13. The United States Court of Federal Claims also cannot adjudicate these claims, because they sound in tort or arise under 28 U.S.C. §§ 1981-85. *See, e.g., Marlin* v. *United States*, 63 Fed. Cl. 475, 476 (2005) (holding that the United States Court of Federal Claims does not have jurisdiction over statutory civil rights claims); *Brown* v. *United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (same re: torts).

Nor does the court have jurisdiction to grant the declaratory, injunctive, or punitive relief requested by Plaintiff. *See James* v. *Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (holding that the United States Court of Federal Claims does not have authority to issue declaratory or injunctive relief other than in the context of bid protests); *Mitchell* v. *United States*, 230 Ct. Cl. 827, 827 (1982) (same re: punitive damages)).

Moreover, all claims alleged against Ms. Johnson, in her personal capacity, also must be dismissed, because the United States Court of Federal Claims does not have jurisdiction over any defendant, except the United States. *See United States* v. *Sherwood*, 312 U.S. 584, 588 (1941) ("[R]elief sought . . . against others than the United States . . . must be ignored as beyond the jurisdiction of the [Court of Claims.]").

In addition, the Government also observes that, to the extent the November 16, 2011 Complaint asserts a Fifth Amendment takings claim, it fails to state one on which relief may be granted, because it fails to allege any seizure or taking of Plaintiff's property or a regulatory imposition on Plaintiff's property. Gov't Mot. at 6.

### 2. Plaintiff's Response.

Plaintiff responds that the Government's argument that the Due Process Clause of the Fifth Amendment is not money-mandating is irrelevant, because the November 16, 2011 Complaint does not rely on the Due Process Clause of the *Fifth* Amendment. Pl. Resp. at 6. Instead, the claim at issue relies on the Petition Clause of the First Amendment, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and the Privileges and Immunities Clause. Pl. Resp. at 7.

Plaintiff also insists that the claims alleged under 42 U.S.C. §§ 1981, 1982 and 1988(b) are money-mandating. Pl. Resp. at 7.

Likewise, the Government is incorrect that the United States Court of Federal Claims does not have jurisdiction over the November 16, 2011 Complaint's misrepresentation claims. Pl. Resp. at 9-10 (citing cases from other federal courts, not subject to the Tucker Act, that have adjudicated claims of negligent misrepresentation).

Plaintiff further argues that the November 16, 2011 Complaint adequately has stated a Fifth Amendment takings claim against Ms. Johnson because Plaintiff had a property interest in the legal papers that he attempted to file with the United States Supreme Court, the rejection of which constitutes a taking. Pl. Resp. at 12.

Finally, the Government's argument that the United States Court of Federal Claims may only adjudicate claims against the United States, not Ms. Johnson, is incorrect. Pl. Resp. at 14 (citing no relevant authority).

### 3. The Government's Reply.

The Government replies that Plaintiff's Response fails to address the substantive deficiencies identified in the January 17, 2012 Motion For Summary Dismissal. Gov't Reply at 1. Instead, Plaintiff restates the allegations made in the November 16, 2011 Complaint and summarily concludes that the United States Court of Federal Claims has jurisdiction over those claims. Gov't Reply at 2.

As to the takings claims alleged, the November 16, 2011 Complaint does not articulate a cognizable property interest that was taken by the Government. Gov't Reply at 3. In fact, Plaintiff acknowledges that the Clerk of the United States Supreme Court returned all of Plaintiff's papers. Gov't Reply at 3-4. As to the remaining allegations, they are "conclusory . . . unsupported by any factual assertions [and] will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), *aff'd*, 460 U.S. 325 (1983).

### 4. The Court's Resolution.

As a threshold matter, Congress did not authorize the United States Court of Federal Claims to adjudicate claims under the First or Fourteenth Amendments, the Due Process Clause of the Fifth Amendment, or the Privileges and Immunities Clause, because none of those provisions are money-mandating. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment do not provide "a sufficient basis for jurisdiction [under the Tucker Act,] because they do not mandate payment of money by the [G]overnment"); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money."); *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) (determining that the United States Court of Federal Claims does not have jurisdiction over claims based upon the Privileges and Immunities Clause). Thus, to the extent that Plaintiff's November 16, 2011 Complaint alleges claims under these constitutional provisions, they must be dismissed, pursuant to RCFC 12(b)(1).

Likewise, Congress did not authorize the United States Court of Federal Claims to adjudicate alleged violations of 42 U.S.C. §§ 1981, 1982, 1985 and/or 1988, because this court is not a "district court" and only United States District Courts have subject matter jurisdiction to adjudicate statutory civil rights claims. *See* 28 U.S.C. §1343(a) (authorizing "district courts" to adjudicate claims); *see also Anderson v. United States*, 22 Cl. Ct. 178, 179 n.2 (1990) ("[T]his

court has . . . no jurisdiction over cases arising under the Civil Rights Act."), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991) (table); *see also Willis v. United States*, 96 Fed. Cl. 467, 470 (2011) ("It is well-settled that jurisdiction for civil rights claims, including section 1985 claims, lies exclusively in the district courts; not in the Court of Federal Claims."). Therefore, to the extent the November 16, 2011 Complaint alleges claims under these statutory provisions, they must be dismissed as well, pursuant to RCFC 12(b)(1).

Plaintiff also may not appreciate that the court does not have jurisdiction over claims against any defendants other than the United States. *See Sherwood*, 312 U.S. at 588 ("[I]t has been uniformly held, upon a review of the statutes creating the [United States Court of Claims] and defining its authority, that its jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *see also Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Therefore, all claims in the November 16, 2011 Complaint against Ms. Johnson in her personal capacity must be dismissed, pursuant to RCFC 12(b)(1).

To the extent the November 16, 2011 Complaint's claims against Ms. Johnson are directed towards her actions in her official capacity, they are claims of negligence, misrepresentation, and intentional infliction of emotional distress "sounding in tort" over which the court also does not have jurisdiction under the Tucker Act. *See* 28 U.S.C. §1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages *in cases not sounding in tort*." (emphasis added)).

As for Plaintiff's argument that the November 16, 2011 Complaint alleges takings, rather than a series of tortious acts, Plaintiff misapprehends the nature of the Takings Clause of the Fifth Amendment of the United States Constitution. A taking arises only when the Government appropriates private property or imposes a regulatory constraint that adversely affects an owner's continuing use of property. *See Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 426-28 (1982) (comparing physical and regulatory takings). The facts alleged in the November 16, 2011 Complaint, generously read, do not state a claim that Ms. Johnson, acting on behalf of the United States, appropriated Plaintiff's property or acted pursuant to a regulation that constrained the use of his property. Plaintiff is correct that his legal papers are his property, but the Government did not appropriate them nor constrain their use by Plaintiff. Accordingly, the takings claims alleged in the November 16, 2011 Complaint must be dismissed, pursuant to RCFC 12(b)(6).

The November 16, 2011 Complaint also appears to allege that the court has jurisdiction, pursuant to 31 U.S.C. § 1304 (Compl. ¶ 3), which appropriates funds "to pay final judgments, awards, compromise settlements, and interest and costs specified" in court judgments when certain other conditions are met. *See* 31 U.S.C. §1304 (2006). Congressional appropriations, however, do not establish jurisdiction in the United States Court of Federal Claims. *See Samish*

8

*Indian Nation v. United States*, 657 F.3d 1330, 1334 (Fed. Cir. 2011) (affirming trial court's determination that appropriations are "merely a budgetary mechanism . . . [and] could not impose a money-mandating duty on the Government."). As such, 31 U.S.C. § 1304 provides no jurisdictional basis for the November 16, 2011 Complaint.

Finally, the November 16, 2011 Complaint alleges that the court has jurisdiction, pursuant to 28 U.S.C. §§ 1961, 2412, and 2516. These provisions entitle a prevailing plaintiff to attorney fees,[5] but are not "money mandating" for the purpose of establishing the court's subject matter jurisdiction.

### D. Plaintiff's December 9, 2011 Motion To Transfer, Expedite, And Interim Award Of *Pro Se* Attorney Fees.

#### 1. Plaintiff's Argument.

Plaintiff's December 9, 2011 Motion To Transfer requests that Count 6 of the November 16, 2011 Complaint be transferred "in the interests of justice" to the United States Supreme Court, because Count 6 seeks a writ of *mandamus* compelling the Clerk's Office of the United States Supreme Court to accept Plaintiff's petition, and this court has no supervisory authority over the Clerk of the United States Supreme Court. Pl. TR Mot. at 4 (citing 28 U.S.C. § 1631).

The December 9, 2011 Motion also seeks an interim award of *pro se* attorney fees for the time Plaintiff spent preparing filings in this case and before the United States Supreme Court. Pl. TR Mot. at 8, 11-12 (citing more than 980 hours in research and preparation that is attributable to Ms. Johnson's "abuse of process").

#### 2. The Government's Response.

The Government responds that Plaintiff's request to transfer Count 6 of the November 16, 2011 Complaint should be denied because 28 U.S.C. §1631 only permits transfer to another court, not to the Office of the Clerk. Gov't TR Opp. at 2. Although this request is styled as a motion to "transfer," Plaintiff actually requests the United States Court of Federal Claims compel the Clerk of the United States Supreme Court to accept Plaintiff's petitions. *Id.* The court has no authority to grant injunctive relief, other than in the bid protest context. *Id.*

---

[5] 28 U.S.C. § 1961 (2006), provides: "Interest shall be allowed, computed, and paid on judgments of the United States Court of Federal Claims only as provided in . . . any other provision of law."

28 U.S.C. § 2412 (2006), provides: "Except as otherwise specifically provided by statute, a judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action."

28 U.S.C. § 2516 (2006), provides: "Interest on a claim against the United States shall be allowed in a judgment of the United States Court of Federal Claims only under a contract or Act of Congress expressly providing for payment thereof."

Moreover, Plaintiff's December 9, 2011 Motion To Transfer must be denied because 28 U.S.C. § 1631 requires that the transferee court have jurisdiction over the claim. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1347 (Fed. Cir. 2008) ("The plain language of [§ 1631] requires that the transferee court have jurisdiction over the claim."). The nature of the claim set out in Count 6 of the November 16, 2011 Complaint, however, does not fall within the list of rights enumerated in Article III of the Constitution, Section 2, Clause 2, and 28 U.S.C. § 1251, and therefore does not fall within the jurisdiction of the United States Supreme Court. Gov't TR Opp. at 3.

As to Plaintiff's request for "interim attorney fees," the Government responds that *pro se* litigants are not entitled to attorney fees under 28 U.S.C. § 2412, because fee-shifting remedial statutes are designed to provide an adequate economic incentive for private attorneys to take cases. Gov't TR Opp. at 3.

### 3. Plaintiff's Reply.

Plaintiff replies that the court should grant the December 9, 2011 Motion To Transfer, because the United States Supreme Court has exclusive jurisdiction to compel Ms. Johnson, as an employee of the United States Supreme Court, to perform her duties. *See Griffin v. Thompson*, 43 U.S. 244, 257 (1844) ("There is inherent in every court a power to supervise the conduct of its officers, and the execution of its judgments and process."). Moreover, the Government "erroneously" cites *Rick's Mushroom* for the proposition that 28 U.S.C. § 1631 requires the transferee court to have jurisdiction over the claim. Pl. Opp. Reply at 3. *Rick's Mushroom* is distinguishable, because it involved potential transfer to a United States District Court of a professional negligence claim. *Id.*

The court should award Plaintiff interim attorney fees. Pl. Opp. Reply at 3. The Government's argument that *pro se* litigants are not entitled to attorney fees under 28 U.S.C. § 2412 is incorrect, as several courts have awarded attorney fees to *pro se* litigants. Pl. Reply at 4-7 (discussing numerous cases where *pro se* plaintiffs have been awarded liquidated damages and where attorney fees have been granted to *pro se* litigants who later sought counsel, or to *pro se* parties who were previously represented by counsel).

### 4. The Court's Resolution.

As a matter of law, it would be improper for the court to transfer Count 6 of the Complaint to the United States Supreme Court. *See* 28 U.S.C. § 1631. Plaintiff's underlying concern appears to be a traffic ticket that he was unsuccessful in defending against in a state court. The United States Supreme Court, however, does not have jurisdiction directly to review a state traffic court's determination that Plaintiff violated the traffic laws of Ohio. *See* U.S. Const., Art. III, Section 2, cl. 2 (stating the limits of the United States Supreme Court's jurisdiction, and providing no basis on which the Court would have jurisdiction to review a state court's judgment that a state resident is guilty of a traffic violation, absent constitutional violations in the underlying proceedings); 28 U.S.C. § 1257 (2006) (authorizing discretionary review by the United States Supreme Court of a state court's judgment only if the judgment is

"rendered by the highest court of a State in which a decision could be had"). As such, transfer would not be in the "interest of justice." 28 U.S.C. § 1631.

The United States Supreme Court also has made clear that *pro se* plaintiffs are not entitled to attorney fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("The Circuits are in agreement . . . on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees. . . . [W]e are . . . satisfied that [these cases] were correctly decided."); *see also Hauschild v. United States*, 53 Fed. Cl. 134, 146 (2002) ("Under [28 U.S.C. § 2412], *pro se* litigants are not entitled to recover attorneys' fees."). None of the cases cited by Plaintiff involve fees awarded to a *pro se* litigant for time spent by the litigant. *See, e.g., Augustine v. Dep't of Veterans Affairs*, 503 F.3d 1362, 1367 (Fed. Cir. 2007) (granting attorney fees where a case was filed *pro se*, but subsequently counsel was retained); *Liberman v. Barnhart*, No. 05-5591, 2006 U.S. App. LEXIS 9789 (2d Cir. April 14, 2006) (adjudicating a *pro se* appeal requesting more attorney fees than those awarded by the trial court, but the attorney fees at issue were for work previously performed *by counsel* in the original case); *see also Liberman v. Barnhart*, CV 98-0494 at 13-15 (E.D.N.Y. Sept. 29, 2005) (detailing counsel's work and justifying attorney fees). Moreover, attorney fees are only awarded under 28 U.S.C. § 2412 to *prevailing plaintiffs*. *See* 28 U.S.C. § 2412(a)(1) ("fees and expenses of attorneys, may be awarded to the *prevailing party* in any civil action brought by or against the United States[.]" (emphasis added)). Since the court does not have jurisdiction to adjudicate the allegations alleged in the November 16, 2011 Complaint and the allegations regarding the Takings Clause do not establish the governmental taking of a cognizable property interest, Plaintiff's request for interim attorney fees must be denied.

### E. Plaintiff's March 26, 2012 Motion To Transfer Tort Claims To The United States District Court For The District Of Columbia.

On March 26, 2012, Plaintiff filed a Motion To Transfer any claims that the court deems to be torts to the United States District Court for the District of Columbia. The court has determined that such a transfer would not be "in the interest of justice." 28 U.S.C. § 1631. Moreover, to the extent that Plaintiff's tort claims are directed against Ms. Johnson in her personal capacity, a federal district court would lack jurisdiction, because "[t]he . . . Clerk of the United States Supreme Court has absolute quasi-judicial immunity [when] his [or her] challenged activities [are] an integral part of the judicial process." *Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986); *see also Guess v. Clerk, United States Supreme Court*, 107 F.3d 922, 922 (D.C. Cir. 1997) (per curiam) (unpublished table opinion) ("[T]he Clerk of the Supreme Court has absolute immunity while performing his official (quasi-judicial) functions." (citing *Sharma*)). To the extent Plaintiff's tort claims are directed against Ms. Johnson in her ministerial capacity, they could be filed only pursuant to the Federal Torts Claims Act ("FTCA"). *See* 28 U.S.C. § 2671 (2006) (stating that the FTCA applies to judicial branch employees). Federal district courts do not have jurisdiction over an FTCA claim unless the plaintiff has "first presented the claim to the appropriate Federal agency[.]" 28 U.S.C. § 2675(a) (2006). Accordingly, since the "record is devoid . . . of any suggestion that [Plaintiff] complied with any of the procedures governing the filing of an administrative claim with [the relevant federal agency]," a federal district court would not have jurisdiction over Plaintiff's potential FTCA

claims. *See Rasul* v. *Myers*, 512 F.3d 644, 661 (D.C. Cir. 2008), *vacated on other grounds*, 555 U.S. 1083 (2008).

## IV. CONCLUSION.

For the reasons discussed herein, the Government's January 17, 2012 Motion For Summary Dismissal is granted. *See* RCFC 12(b)(1) and (6). Plaintiff's request that portions of the November 16, 2011 Complaint be transferred to the United States Supreme Court or the United States District Court for the District of Columbia are also denied, as is the request for interim attorney fees. As this Memorandum Opinion and Final Order resolves all of Plaintiff's claims, the Clerk of the Court is directed to enter judgment dismissing all claims other than takings claims asserted in the November 16, 2011 Complaint for lack of jurisdiction and final judgment dismissing Plaintiff's takings claims for failure to state a claim.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Judge**